ARABELLA V. ERISMAN v. THE BOARD OF CHOSEN FREE-HOLDERS OF THE COUNTY OF BURLINGTON ET AL.

Submitted November 14, 1899—Decided March 28, 1900.

1. An assessment made and confirmed under "An act to provide for the permanent improvement of public roads of this state," approved March 22d, 1895 (*Pamph. L.,* p. 424), which act provides that assessments when confirmed by the Circuit Court shall be final and conclusive, may nevertheless be reviewed by this court on *certiorari* where the prosecutor challenges the right to impose any assessment at all upon his lands.

2. To come within the territorial range of assessment permitted by said act, namely, "lands and real estate fronting or bordering on the road or section thereof improved," the land assessed must at some point adjoin the section of road improved.

---

On *certiorari.*

Before Justices GARRISON and COLLINS.

For the prosecutrix, *Mark R. Sooy.*

For the county of Burlington, *Charles K. Chambers.*

For the township of Mansfield, *Eckard P. Budd.*

The opinion of the court was delivered by

COLLINS, J.   This writ removes an assessment on land of
the prosecutrix, made by commissioners and confirmed by the
Circuit Court of the county of Burlington, for the improve-
ment of a public road in said county, running from Colum-
bus to Chambers' Corner.   The only authority asserted for
improvement or assessment is the act entitled "An act to pro-
vide for the permanent improvement of public roads of this
state," approved March 22d, 1895.   *Pamph. L., p.* 424.   Sec-
tion 13 of that act declares that on confirmation of the Circuit
Court the report of the commissioners shall be final and con-
clusive.   The defendants therefore challenge our right of
review.   It is sufficient to sustain such right in this case that
the defect alleged is fundamental, avoiding jurisdiction to make
any assessment upon the land assessed.   *Benedictine Sisters* v.
*Elizabeth,* 21 *Vroom* 347.   The act itself recognizes review by
*certiorari* and limits the time within which after confirmation
a writ may be allowed.   The prosecutrix purchased her writ
within that time.

The defect alleged is that the land on which the challenged
assessment has been imposed is outside the territorial range
of assessment permitted by the act, namely, "lands and real
estate fronting or bordering on the road or section thereof im-
proved."   The land of the prosecutrix that has been assessed
is a farm of one hundred and ninety-six acres, bordering upon
the public road leading from Columbus to Jobstown.   A lane
or private road, obstructed by gates, runs through this farm
and the adjoining one of a Mr. Harvey to the public road
that has been improved.   The two public roads are more
than a mile apart, and the land of the prosecutrix comes at
no point nearer to the one improved than half a mile.   Her
farm buildings are three-quarters of a mile away and face
towards the lane and not towards the improved road.

The defendants argue that the words "fronting" and
"bordering on" in the statute are not synonymous in mean-
ing, and that their disjunctive use makes assessable any land
that fronts a road improved, although it may not border on it,

and they claim that the farm of the prosecutrix fronts the road in question, because it can be reached by means of the lane running through Mr. Harvey's farm. This claim of frontage is scarcely plausible and the argument derived therefrom is entirely unsound. If the phraseology quoted is not merely redundant the difference intended is not that suggested. It seems to me that in the legislative mind it was assumed that some land might border on a given road or section, although its frontage, in a narrow sense, was elsewhere—perhaps upon a cross road—and to make sure that such land should be assessable for benefits arising from the improvement, phraseology apt to include it was adopted. Be that as it may, it is quite plain that the interpretation contended for by the defendants is inadmissible. By section 8 of the act the jurisdictional petition required must be signed " by the owners of at least two-thirds either in lineal feet or in area of the lands and real estate fronting or bordering on " the road or section of road to be improved, and it is declared that in the estimate of area there shall be taken "all the lands of every owner which are assessed for taxes in said county and which lie together in any farm, tract or lot of which a part has a frontage on said road or section of road."

The inherent ambiguity of the word " front " and its derivatives is resolved by this self-interpreting statute. To come within its provisions land must adjoin at some point of the road or section of road involved.

The assessment against the prosecutrix is set aside, with costs.